# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Mark Filip | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 3610 | **DATE** | 12/10/2004 |
| **CASE TITLE** | VASALLO O'REILY vs. JOHN ASHCROFT | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION AND ORDER: Respondent's motion for summary judgment is granted in part. Petitioner's constitutional claims (and the duplicative portion of the declaratory count relating to the constitutional claims) are rejected. The parties should be prepared to promptly address the effect of the Supreme Court's upcoming decision in *Benitez v. Wallis*, when it is rendered.**

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | DEC 1 3 2004 | |
| ✓ | Docketing to mail notices. | | date docketed | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TBK | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Vasallo O' Reily | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 04 C 3610 |
| | ) | |
| JOHN ASHCROFT, Attorney General | ) | Hon. Mark Filip |
| of the United States, District Director, | ) | |
| Immigration and Naturalization Service, | ) | |
| and Bureau of Immigration and Customs | ) | |
| Enforcement[1] | ) | |
| | ) | |
| Respondents. | ) | |



DOCKETED

DEC 1 3 2004

## MEMORANDUM OPINION AND ORDER

Petitioner Vasallo O'Reily ("Petitioner") is an inadmissible/excludable alien and citizen

of Cuba who is subject to a final order of removal from the United States. Petitioner has filed a

petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging that Respondent's

continued detention of him is unlawful. Petitioner argues that his detention is not authorized by

8 U.S.C. § 1231(a)(6), which relates to the propriety of an alien's continued detention after the

expiration of a ninety-day statutory removal period. (Pet. for Writ of Habeas Corpus (D.E. 1) at

---

[1]    The Court notes that on March 1, 2003, the Immigration and Naturalization Service
ceased to exist as an independent agency of the Department of Justice, and its functions were
transferred to the newly formed Department of Homeland Security. *See, e.g., Ciorba v. Ashcroft,*
323 F.3d 539 n.1 (7th Cir. 2003). The Court further notes that the proper respondent to a petition
under 28 U.S.C. § 2241 is the person having custody of the petitioner. *See* 28 U.S.C. § 2243.
Respondents contend that, in light of the Supreme Court's decision in *Rumsfeld v. Padilla,* —
U.S. —,124 S. Ct. 2711, 2720 & n.13 (2004), and authority cited therein, Ms. Deborah Achim,
the Field Office Director for the Chicago District Office of the Department of Homeland
Security, should be substituted as the sole Respondent to this petition. Petitioner does not object
to this substitution and redesignation of the Respondent. Accordingly, going forward, Ms.
Deborah Achim will and should be listed as the Respondent in the caption of this case.

3-6.) Petitioner also argues that § 1231(a)(6) is facially unconstitutional or, alternatively, unconstitutional as applied to him. (*Id.* at 8). Petitioner also seeks declaratory relief, which is a count that essentially duplicates his other claims. (*Id.* at 10.)

As explained below, Respondent's motion for summary judgment is granted in part, in that Petitioner's constitutional claims are rejected, consistent with a number of decisions of the Supreme Court, the Seventh Circuit, and district courts in the Northern District of Illinois. Petitioner's statutory claim is against the weight of circuit court authority (the Third, Eighth, and Eleventh Circuits have rejected it), and no district court in this judicial district has accepted it either. Nonetheless, because the statutory issue is presently the subject of a fully briefed and argued case in the Supreme Court, this Court will defer ruling on the statutory question until the Supreme Court decision is rendered, which decision can reasonably be expected to come down in the near future.

## BACKGROUND FACTS

Petitioner is a native and citizen of Cuba who arrived in the United States on May 26, 1980, as part of the Mariel boatlift.[2] (Resp.'s St. ¶ 7.) Petitioner contends that upon his arrival,

---

[2] The following facts are taken from Respondent's Local Rule 56.1 Statement of Material Facts as to Which There Is No Genuine Issue (D.E. 8), cited in this opinion as "Resp.'s St. ¶ __." Petitioner did not file a response to Respondent's statement. Under the local rules for the Northern District of Illinois, the failure of a non-movant to respond to the movant's statement constitutes an admission of the properly supported facts in that statement. *See* L.R. 56.1(b)(3); *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("We have consistently held that a failure to respond by the nonmovant as mandated by the local rules results in an admission."). While this Court is generally solicitous of *pro se* litigants confronting the procedural requirements of responding to summary judgment motions, precedent teaches that Petitioner's *pro se* status does not absolve him from meaningfully complying with Local Rule 56.1. *See, e.g., Greer v. Bd. of Educ. of the City of Chicago*, 267 F.3d 723, 727 (7th Cir. 2001); *Stevens v. Navistar Int'l Transp. Corp.*, 244 F. Supp. 2d 906, 910 (N.D. Ill. 2002); *accord Members v. Paige*, 140 F.3d 699, 702 (7th Cir. 1998) (stating that procedural rules "apply to uncounseled litigants and must be

he was paroled into the United States.[3] (Petitioner's "Motion Supporting [sic] of the Habeas Corpus Brief," (D.E. 9) at 3.) In June of 1980, however, the Immigration and Naturalization Service ("INS") terminated Petitioner's parole. (*Id.*) Petitioner further contends that after the INS terminated his parole, the INS detained him in Atlanta for approximately two and a half years. (*Id.*)

According to Petitioner, the INS paroled him from detention in 1983. (*Id.*) While on parole, Petitioner was charged with armed battery with a deadly weapon in 1988. (*Id.*) He was sentenced to a six-year term of incarceration, and Petitioner served a portion of that sentence. After his release, a domestic abuse order was issued against Petitioner. (*Id.*) He was convicted of knowingly violating the domestic abuse order on four occasions in 1999 and 2000. (*Id.*)

On August 8, 2002, after completing his sentences for battery with a deadly weapon and repeatedly violating the domestic abuse order, Petitioner was taken into custody of the Department of Homeland Security, Immigration and Customs Enforcement ("DHS, ICE"). (Resp.'s St. ¶ 7.) His immigration hearing was held, and his appeal to the Board of Immigration ("BIA") was adjudicated on October 23, 2003. (*Id.* ¶ 6.) The BIA ordered Petitioner removed to Cuba, and Petitioner did not file an appeal of the BIA's decision. (*Id.*)

The United States is currently unable to deport, exclude, or remove individuals such as

_____

enforced"). The Court notes that Respondent filed with the Court a Notice to Pro Se Litigant Opposing Motion for Summary Judgment (D.E. 7), which appears to have been served on Petitioner.

[3] Although Petitioner did not file, as he was required to do with respect to presenting factual assertions in the summary judgment context, a statement of additional facts under Local Rule 56.1(b)(3)(B), the Court recites various factual allegations contained in Petitioner's filings in an effort to present a coherent background of the case. These allegations are not inconsistent with Respondent's statement of facts, which the Court deems admitted under the local rule.

Petitioner because Cuba will not accept his return (*id.* ¶ 3), and there is no reasonable likelihood that Respondent can effectuate exclusion/removal in this case in the foreseeable future. (*Id.* ¶ 5).

On June 10, 2004, a Cuban Review Panel ("Panel") convened and reviewed Petitioner's case for possible release under parole conditions under 8 C.F.R. § 212.12. (*Id.* ¶ 8.) It is undisputed that this review was done in compliance with 8 C.F.R. § 212.12. (*Id.*) After reviewing the case in its entirety, the Panel recommended that Petitioner remain detained based upon his criminal record and history of violence. (*Id.* ¶ 9.) The Panel's recommendation was then reviewed by the Associate Commissioner for Enforcement of the Department of Homeland Security, who issued a final decision endorsing the Panel's recommendation not to release Petitioner at this time. (*Id.*) Petitioner's case and status will be reviewed again by the Panel and the DHS, ICE within one year of the date of the final decision pursuant to the regulations relating to the Cuban Review Plan. (*Id.*; 8 C.F.R. § 212.12(g)(2).) Petitioner is presently in Respondent's custody. (Resp.'s St. ¶ 2.)

## ANALYSIS

I.      Summary Judgment Standard

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c). In determining whether there is a genuine issue of material fact, the evidence must be viewed in the light most favorable to the party opposing the motion, and any doubts regarding the evidence must be resolved in favor of the nonmoving party. *See Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004). Seventh Circuit precedent has affirmed the grant of summary judgment in the context of habeas corpus petitions brought under 28 U.S.C. § 2241. *See White v. Henman*,

977 F.2d 292, 295 (7th Cir. 1992); *Alonzo v. Rozanski*, 808 F.2d 637, 639 (7th Cir. 1986).

II.    The Challenges to Petitioner's Detention

Petitioner's briefing is not a model of clarity.  It appears that substantial portions are merely photocopies of or inserts from briefs relating to his BIA proceedings, which resulted in a decision adverse to him that was not appealed to the Seventh Circuit.  Nonetheless, Petitioner's "Petition for Writ of Habeas Corpus" is fairly read to raise a statutory claim (*see* D.E. 1 at 4-5 ("COUNT ONE (Detention not Authorized by Statute)," citing 8 U.S.C.§ 1231(a)(6) and *Zadvydas v. Davis*, 533 U.S. 678 (2001)), and to raise facial and as-applied constitutional challenges.  (*See* D.E. 1 at 6-9.)  The petition also seeks (essentially duplicative) declaratory relief.  (*Id.* at 10.)

A.    Petitioner's Statutory Claims

Petitioner's statutory claim relates to 8 U.S.C. § 1231(a)(6).  This statute provides, in relevant part, that "[a]n alien ordered removed who is inadmissible . . ., removable . . . [,] or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period . . . ." 8 U.S.C. § 1231(a)(6).  The removal period provided for by statute is ninety days, *see* 8 U.S.C. § 1231(a)(1)(A) (defining "removal period"), during which time the statute contemplates detention, *see* 8 U.S.C. § 1231(a)(2) ("During the removal period, the Attorney General shall detain the alien.").  It is undisputed that Petitioner is both inadmissible and removable.  (D.E. 1 ¶¶ 1, 3; Resp.'s St. ¶ 1.)  Therefore, one might argue that, under the statute, the Government may detain Petitioner beyond the ninety-day removal period, and perhaps, in practical terms, indefinitely, given that it is undisputed that Petitioner *cannot* be removed to Cuba in the foreseeable future.

As set forth below, however, the Supreme Court has read a temporal limitation into the language of § 1231(a)(6), at least with respect to resident aliens. Petitioner asserts that this limitation should apply to him too. (D.E. 1 ¶¶ 23-24.)

In support of his petition, Petitioner repeatedly invokes the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001). In *Zadvydas*, the Supreme Court decided whether § 1231(a)(6) "authorizes the Attorney General to detain a removable alien indefinitely beyond the removal period or only for a period reasonably necessary to secure the alien's removal." *Id.* at 682 (emphasis omitted). The Supreme Court found the answer to be the latter, holding that § 1231(a)(6) "contain[s] an implicit 'reasonable time' limitation, the application of which is subject to federal-court review." *Id.* This reasonable time limitation, the Supreme Court held, is presumptively six months, after which, and upon a petitioner providing good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future, the government must rebut the petitioner's showing. *Id.* at 701. "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by the statute." *Id.* at 699; *see also id.* at 701 ("[A]n alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future."). The Supreme Court emphasized that it read this limitation into § 1231(a)(6) to avoid "serious constitutional concerns" that would arise from the indefinite detention of aliens who had been admitted to the United States. *Id.* at 682; *see also id.* ("Aliens who have not yet gained initial admission to this country would present a very different question.").

Petitioner claims that the holding in *Zadvydas* extends to all aliens, not just aliens who have been admitted to the United States, including inadmissible aliens like him. (D.E. 1 at 5.)

6

Respondent asserts that the Supreme Court's reasoning in *Zadvydas* was explicitly limited to the post-removal-period detention of resident aliens. (D.E. 6 at 4-5.)

This question has split the circuit courts of the United States. Although neither party appears to have been apprised of this fact, this split prompted the Supreme Court on January 16, 2004, to grant a writ of certiorari with respect to *Benitez v. Wallis*, 337 F.3d 1289 (11th Cir. 2003), *cert. granted*, — U.S. —, 124 S. Ct. 1143 (Jan. 16, 2004), on the question of whether the language in § 1231(a)(6), "which does not distinguish in its application between admitted and non-admitted aliens, may be interpreted differently for non-admitted aliens" like Petitioner in the instant case.[4] *Benitez* is fully briefed and was argued to the Supreme Court on October 13, 2004. A review of the oral argument transcript reveals that the Supreme Court explored multiple issues relevant to the proper disposition of Petitioner's statutory claim.

Given that a Supreme Court decision in the *Benitez* case can reasonably be expected to issue soon, the Court believes it most prudent to await the guidance of the Supreme Court before resolving the statutory claim. The Court appreciates that the weight of circuit court authority is against Petitioner. *See Sierra v. Romaine*, 347 F.3d 559, 573-576 (3d Cir. 2003) (holding *Zadvydas*'s temporal limit on post-removal-period detention for resident aliens under § 1231(a)(6) did not apply to an unadmitted, inadmissible Mariel Cuban); *Borrero v. Aljets*, 325 F.3d 1003, 1005 (8th Cir. 2003) (same); *Benitez v. Wallis*, 337 F.3d 1289, 1301 (11th Cir. 2003) (same). The Court also is aware that some decisions in this district interpret the Seventh Circuit's decision in *Hoyte-Mesa v. Ashcroft*, 272 F.3d 989 (7th Cir. 2001), as addressing this

---

[4] The quote is taken from the "Questions Presented" section relating to *Benitez v. Wallis*, 337 F.3d 1289 (11th Cir. 2003), as taken from the Supreme Court's website, www.supremecourtus.gov/orders/04grantednotedlist.html.

statutory question (and resolving it against Petitioner). *See, e.g., Lazaro v. Ashcroft*, No. 04-1381, 2004 WL 1718439, at *2 (N.D. Ill. July 29, 2004) (Darrah, J.) (collecting district court decisions and holding, in a case where a petitioner claimed that his detention was not authorized by § 1231(a)(6), that *Zadvydas* does not apply to a Mariel Cuban who had not gained admission to the United States); *Prieto-Herrera v. Ashcroft*, No. 02-7397, 2003 WL 22019353, at *3 (N.D. Ill. Aug. 26, 2003) (Coar, J.) (holding that Mariel Cuban's continued detention did not violate 8 U.S.C. § 1231(a)(6) post-*Zadvydas*); *Yero-Porro v. Ashcroft*, No. 02-7229, 2003 WL 21312665, at *3 (N.D. Ill. June 2, 2003) (Andersen, J.) (same). The Court also did not uncover any authority in this district adopting the position Petitioner urges here. Nonetheless, the Court notes that at least two circuit courts have questioned whether *Hoyte-Mesa* definitively passed on the statutory question. *See Benitez v. Wallis*, 337 F.3d 1289, 1298 (11th Cir. 2003) (rejecting Petitioner's statutory position, but stating that the "*Hoyte-Mesa* [did] not engage in any statutory analysis of how § 1231(a)(6) must be read after *Zadvydas*."); *Xi v. INS*, 298 F.3d 832, 839 n.3 (9th Cir. 2002) ("Hoyte-Mesa, a Mariel Cuban, challenged his detention on exclusively constitutional grounds."). While the Court is mindful that the weight of authority is against Petitioner, the most prudent course seems to be to await the guidance from the Supreme Court, which can reasonably be expected to shed substantial light on whether Petitioner's statutory claim is, in fact, unavailing.

B.     Petitioner's Constitutional Claims

On the constitutional front, Petitioner contends, again invoking *Zadvydas*, that § 1231(a)(6) facially violates the Due Process Clause of the Fifth Amendment "insofar as it permits the indefinite detention of individuals in the absence of adequate procedural safeguards."

8

(D.E. 1 at 8.) Alternatively, Petitioner argues that, as applied, § 1231(a)(6) violates Petitioner's due process rights. (*Id.*) As explained below, numerous decisions from the Supreme Court, the Seventh Circuit, and district courts in this district preclude Petitioner's constitutional claims. As a result, Respondent's summary judgment motion is granted to the extent it relates to Petitioner's constitutional claims.

In *Hoyte-Mesa v. Ashcroft*, 272 F.3d 989 (7th Cir. 2001) (per curiam), an excludable Mariel Cuban argued that his detention violated his due process rights and constituted cruel and unusual punishment. *See Hoyte-Mesa*, 272 F.3d at 990. The Seventh Circuit found the petitioner's constitutional claims in *Hoyte-Mesa* unavailing, citing precedent that also forecloses Petitioner's constitutional claims here. In this regard, the Seventh Circuit noted that the Supreme Court in *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206 (1953), held that the "United States could constitutionally detain an excludable alien indefinitely if his country of origin refused to accept his return." *Hoyte-Mesa*, 272 F.3d at 991. The Seventh Circuit noted that it relied on *Mezei* in *Carrera-Valdez v. Perryman*, 211 F.3d 1046 (7th Cir. 2000), *see Hoyte-Mesa*, 272 F.3d at 991, which held that an excludable Mariel Cuban was not "constitutionally entitled to release," *Carrera-Valdez*, 211 F.3d at 1048; *accord Rios v. INS*, 324 F.3d 296, 297 (5th Cir. 2003); *Borrero v. Aljets*, 325 F.3d 1003, 1008 (8th Cir. 2003). The Seventh Circuit also held that the Supreme Court's holding in *Mezei* was unaffected by the *Zadvydas* decision, discussed *supra*. *Hoyte-Mesa*, 272 F.3d at 991. The Seventh Circuit reasoned that because the petitioner in *Hoyte-Mesa*, like the petitioner in *Mezei*, "was never granted admission to the United States prior to his exclusion, the Fifth Amendment does not offer him the same protections as resident aliens who are subsequently ordered removed." *Id.*

9

Since it is undisputed that Petitioner, like the petitioner in *Hoyte-Mesa*, was an excludable/inadmissible alien, the Court holds that Petitioner's continued detention by Respondent does not violate whatever federal due process rights that he may have. During his detention, the petitioner in *Hoyte-Mesa*, like Petitioner here, "received annual consideration for immigration parole in accordance with the Cuban Review Plan, 8 C.F.R. § 212.12." *Id.* The petitioner in *Hoyte-Mesa* was denied parole under the Cuban Review Plan prior to his filing a habeas petition, like Petitioner in the case at bar, based upon, among other things, his criminal record. *Id.; see also* Resp.'s St. ¶ 9. The parole review procedures available to Petitioner and prescribed by the Cuban Review Plan regulations, 8 C.F.R. § 212.12, are "the procedures authorized by Congress," and are sufficient due process "as far as an alien denied entry is concerned." *Mezei*, 345 U.S. at 212; *accord, e.g., Hoyte-Mesa*, 272 F.3d at 992; *Borrero*, 325 F.3d at 1008; *Lazaro*, 2004 WL 1718439, at *2 (holding that the annual review of a Mariel Cuban's detention by the Cuban Review Panel satisfied the petitioner's due process rights and allowed for his continued detention) (collecting cases); *Rodriguez v. O'Connell*, No. 02-8054, 2004 WL 406767, at *3 (Mar. 1, 2004) (Andersen, J.). And because Petitioner's case was reviewed in compliance with the regulations (Resp.'s St. ¶ 8), the Court concludes that Petitioner has received all appropriate due process with respect to his continued detention by Respondent. Accordingly, Petitioner's facial and as-applied constitutional challenges are foreclosed by settled Supreme Court and Seventh Circuit precedent.

## CONCLUSION

For the foregoing reasons, Respondent's motion for summary judgment is granted in part. Petitioner's constitutional claims (and the duplicative portion of the declaratory count relating to the constitutional claims) are rejected. The parties should be prepared to promptly address the effect of the Supreme Court's upcoming decision in *Benitez v. Wallis*, when it is rendered. So ordered.

Mark Filip
United States District Judge
Northern District of Illinois

Dated: December 10, 2004